# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 28 2015, 6:52 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Chris Palmer
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| **L.C.,** *Appellant-Defendant,*<br><br>v.<br><br>**State of Indiana,** *Appellee-Plaintiff* | April 28, 2015<br><br>Court of Appeals Case No. 49A02-1410-JV-708<br><br>Appeal from the Marion County Superior Court<br>The Honorable Marilyn Moores, Judge<br>The Honorable Geoffrey Gaither, Magistrate<br>Cause No. 49D09-1406-JD-001475 |

**Bailey, Judge.**

# Case Summary

[1] L.C. was adjudicated a juvenile delinquent for having committed an act that would be Possession of Marijuana, as a Class A misdemeanor,[1] if committed by an adult.[2] He appeals the adjudication, presenting the sole issue of whether the juvenile court abused its discretion by admitting evidence that was illegally obtained. We affirm.

# Facts and Procedural History

[2] On May 9, 2014, Indiana State Police excise officers Harrison Rich and Michelle Catterson were located at the parking lot of DNS Liquors in Indianapolis, performing routine enforcement duties. They observed a young woman exit her vehicle, enter the liquor store, return with two brown paper bags, and hand the bags to her passengers. As the young woman drove away, Officer Rich observed that the passengers appeared to be "well under the age of twenty-one." (Tr. 31.)

[3] The officers followed the vehicle as it travelled to and stopped in a nearby Village Pantry parking lot. Officer Rich then activated his lights and approached the vehicle. Upon request, the driver produced identification

---

[1] Ind. Code § 35-48-4-11. The offense may now be a Class A or B misdemeanor or a Level 6 felony. We refer to the version of the statute in effect at the time of L.C.'s conduct.

[2] The juvenile court also entered a true finding that L.C. had possessed alcohol. Indiana Code Section 7.1-5-7-7 provides that possession of alcohol by a minor is a Class C misdemeanor. Indiana Code Section 7.1-1-3-25 defines a minor as a person less than twenty-one years of age.

indicating that she was twenty-four years old. Officer Catterson approached the front passenger side, where she detected the odor of marijuana. She alerted Officer Rich, who went to the passenger side and also detected a marijuana odor.

[4] The front seat passenger advised Officer Rich that he was a minor. Officer Rich, who could see that the package at the passenger's feet contained a brandy bottle, advised the passenger that he was under arrest for possession of an alcoholic beverage by a minor. A search of the passenger incident to arrest yielded a small bag of marijuana.

[5] Officer Rich approached the back seat passenger, L.C., who was in proximity to the second brown bag. L.C. provided information that he was fifteen years old. Officer Rich ordered L.C. to exit the vehicle. When L.C. complied, Officer Rich observed that L.C. had been sitting on a bag of marijuana.

[6] The State alleged L.C. to be delinquent. At the denial hearing, L.C. moved to suppress evidence that he had possessed alcohol and marijuana, claiming that the officers had detained him without reasonable suspicion of illegal activity. The juvenile court denied the motion to suppress and entered a true finding on each count alleged by the State. L.C. filed a motion to reconsider, which was summarily denied at the dispositional hearing. L.C. now appeals.

# Discussion and Decision

[7] A juvenile court has discretion regarding the admission of evidence, and its decisions are reviewed only for an abuse of that discretion. *C.L.M. v. State*, 874 N.E.2d 386, 389 (Ind. Ct. App. 2007). We reverse only when admission is clearly against the logic and effect of the facts and circumstances and the error affects a party's substantial rights. *Clark v. State*, 994 N.E.2d 252, 260 (Ind. 2013).

[8] L.C. argues that he was entitled to have the evidence against him suppressed because it was obtained in violation of his rights under the Fourth Amendment to the United States Constitution and Article 1, Section 11 of the Indiana Constitution. More specifically, L.C. claims that his detention was not predicated upon reasonable suspicion.

[9] The Fourth Amendment protects citizens from unreasonable searches and seizures. *J.D. v. State*, 902 N.E.2d 293, 295 (Ind. Ct. App. 2009). However, an officer may briefly stop a person for investigation if the officer has reasonable suspicion of criminal activity. *Id.* Reasonable suspicion exists when the facts known to the officer, together with the reasonable inferences to be drawn therefrom, would cause an ordinarily prudent person to believe that criminal activity has or is about to occur. *Id.* at 295-96. Reasonable suspicion is determined on a case-by-case examination of the totality of the circumstances, and must be an objective determination that is something more than an inchoate and unparticularized suspicion or hunch. *Id.* at 296. A reasonable suspicion amounts to less than proof of wrongdoing by a preponderance of the evidence. *Id.*

[10]     Here, the officers observed a young woman exit a liquor store and hand two brown paper bags to her passengers. The passengers appeared to Officer Rich, who had received extensive training as an excise officer, to be "well under the age of twenty-one." (Tr. 31.) We think this sufficient to cause an ordinarily prudent person to believe that criminal activity was about to occur. We reject the notion that Officer Rich could not intervene because another beverage could have been purchased at the liquor store and packaged similarly. *See Terry v. Ohio*, 392 U.S. 1, 30 (1968) (the Fourth Amendment was not violated where an officer had observed individuals pacing, looking in a store window, and conferring – conduct that could be either innocent or suspicious – and had detained them to resolve the ambiguity). L.C.'s detention did not take place in violation of the Fourth Amendment.

[11]     The Indiana Constitutional analysis is much like that under the Fourth Amendment. *J.D.*, 902 N.E.2d at 296. The rights of liberty, privacy, and free movement are not absolute, but are balanced against society's right to protection. *Id.* The reasonableness of a search or seizure turns upon a balancing of: (1) the degree of concern, suspicion, or knowledge that a violation has occurred, (2) the degree of intrusion the method of the search or seizure imposes on the citizen's ordinary activities, and (3) the extent of law enforcement needs. *Litchfield v. State*, 824 N.E.2d 356, 361 (Ind. 2005).

[12]     As we have previously determined, Officers Rich and Catterson possessed reasonable suspicion to conduct a brief detention for investigative purposes. Having seen liquor store packages handed to youthful-appearing individuals,

the officers requested verification of the ages of those in possession of the packages. The method employed, a brief detention of an already-stopped vehicle and verbal request for age verification, presented a minimal intrusion into daily activities. The need of law enforcement to prevent the consumption of alcohol by minors is strong. Under these circumstances, L.C. has not shown that evidence was obtained in violation of his rights under Article 1, Section 11 of the Indiana Constitution.

# Conclusion

[13] The juvenile court did not abuse its discretion by admitting evidence obtained during a detention of L.C. and his companions.

[14] Affirmed.

Riley, J., and Barnes, J., concur.